(No. 4689)

Harold E. Moe, Claimant, vs. State of Illinois, Respondent

*Opinion filed November 11, 1958.*

Kilroy, Kent and Litow, Attorneys for Claimant.

Samuel J. Doy, Assistant Attorney General, for Respondent.

Tolson, C. J.

On September 8, 1955, claimant, Harold E. Moe, a prisoner at the Illinois State Penitentiary, Joliet, Illinois, filed his complaint seeking damages for injuries received on November 26, 1954.

The facts of the case are as follows:

Claimant sought work for which he would be paid some wages, and was assigned to the soap factory. Mr. Alex Barr, superintendent of the plant, introduced him to Duke Luntz, one of the prison foremen, or "gaffers", as they were called, who in turn assigned the jobs, and gave such instructions as were needed in the operation of the factory.

Claimant worked in the factory from June of 1952 to November 26, 1954, the time of the accident. He developed into such a good worker that, at the time of the accident, he had worked up to the position of a "gaffer".

On the date in question, claimant was cleaning the rollers of a soap grinding machine with a wire brush while the rollers were still turning. In some manner his right hand was caught in the steel rollers, and claimant suffered severe crushing injuries to the right elbow, fore-

arm, hand and fingers. As a result, there is severe limitation of motion of the elbow and fingers, and there can be no doubt but that claimant suffered great pain, and will have permanent injuries.

Claimant alleges in brief:

(1) Respondent installed an unsafe machine.
(2) Respondent required claimant to work on an unsafe machine.
(3) Respondent failed to properly instruct claimant in the operation of the machine.
(4) Respondent failed to provide a control switch at or near the machine.
(5) Respondent negligently instructed claimant to clean the rollers of the machine while it was in operation.

Respondent, by failing to answer, has traversed the claim, and argues that claimant was guilty of contributory negligence.

From the evidence introduced in said cause, this Court is presented with three questions of fact:

1. Was respondent guilty of negligence in failing to properly instruct and supervise workers in the operation of the soap factory?
2. Should the machine have been equipped with a cut-off switch on or near the machine?
3. Was claimant guilty of contributory negligence?

This Court is not unmindful of the serious and permanent injuries suffered by claimant, nor can the Court ignore the fact that the soap factory did not have the best of supervision. However, the evidence of contributory negligence is so strong that an award cannot be made in any event.

Claimant cites the case of *Moore* vs. *State of Illinois*, 21 C.C.R. 282, wherein an award was made to a convict, who was injured while using a food grinder.

"Claimant, as a convict, was required to take orders, and carry them out. To refuse to do so would subject him to disciplinary action, and the forfeiture of his limited privileges, including prompt consideration for parole. Thus, he did not occupy a position of independence, which a person outside a penitentiary occupies. His choice of action being limited, he, therefore, kept

silent, and did as he was ordered. In fact, he did not possess, under the circumstances in this case, the freedom of choice inherent in the doctrines of assumed risk and contributory negligence. We do not, however, hold that such doctrines can never be asserted against a convict, but merely conclude that they do not apply in this case."

We do not have the benefit of the transcript of evidence of the Moore case before us, but it would appear that claimant was ordered to operate the food grinder without the benefit of a hopper for protection, and suffered the injury in question. The Court believed, under the evidence in the case, that the convict had no choice but to obey, under penalty for refusal.

The facts in case are in no way similar. Claimant was not a new inexperienced hand in the soap factory. He had worked there for two years, and on the basis of his experience he had worked himself up to the position of a "gaffer".

It does not appear from the evidence that the soap grinder was a dangerous instrumentality per se, nor was claimant ordered to operate the machine in question (abstract, page 10), as was required in the Moore Case (supra), but he did so as a part of his routine job.

Claimant has also urged that he was obliged to meet a quota—the implication being that he was being rushed, and probably could not do his work in a safe orderly manner. The evidence does not support this implication for it appears that the soap factory operated five days a week, while the soap grinder was only put into operation two days a week for a two hour period.

Our courts, at all times, have held that a plaintiff has the burden of proof in showing that he was free from contributory negligence. This rule of law is so well settled that cases need not be cited.

To sustain this burden, claimant testified as follows:

"I worked on the soap grinding machine for about a year before the accident, and was never instructed not to clean the machine when it was running."

The statement that he was never told *NOT* to clean the rollers, while they were in motion, falls short of establishing freedom from contributory negligence.

In the case of *Allen* vs. *State of Illinois*, 21 C.C.R. 450, this Court denied the claim of a convict, who was injured while working in a prison, on the grounds that he had failed to sustain the burden of proof required of him in proving that he was free from contributory negligence.

Our Illinois Courts have held that a person cannot knowingly expose himself to danger, and then recover for an injury sustained, when it could have been avoided by the use of due care. *Ames* vs. *Terminal Rail Association*, 75 N.E. (2d) 45.

The proximate cause of this injury was claimant's failure to use ordinary care on his own behalf, and an award will, therefore, be denied.